2024 IL App (4th) 231165-U

NOS. 4-23-1165, 4-23-1225, 4-23-1226, 4-23-1227 cons.

NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 24, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* T.C., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Henry County |
|         Petitioner-Appellee, | ) | Nos.   21JA20 |
|         v.          (No. 4-23-1165) | ) |        21JA21 |
| Timothy C., | ) | |
|         Respondent-Appellant). | ) | |
| ------------------------------------------------------------------- | ) | |
| *In re* B.C., a Minor | ) | |
| | ) | |
| (The People of the State of Illinois, | ) | |
|         Petitioner-Appellee, | ) | |
|         v.          (No. 4-23-1225) | ) | |
| Timothy C., | ) | |
|         Respondent-Appellant). | ) | |
| ------------------------------------------------------------------- | ) | |
| *In re* T.C., a Minor | ) | |
| | ) | |
| (The People of the State of Illinois, | ) | |
|         Petitioner-Appellee, | ) | |
|         v.          (No. 4-23-1226) | ) | |
| Dorjanna B., | ) | |
|         Respondent-Appellant). | ) | |
| ------------------------------------------------------------------- | ) | |
| *In re* B.C., a Minor | ) | |
| | ) | |
| (The People of the State of Illinois, | ) | |
|         Petitioner-Appellee, | ) | |
|         v.          (No. 4-23-1227) | ) | Honorable |
| Dorjanna B., | ) | James J. Cosby, |
|         Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed the trial court's judgment terminating respondents' parental rights, holding their counsel did not provide ineffective assistance.

¶ 2     In June 2023, the State filed a motion to terminate the parental rights of respondents, Timothy C. and Dorjanna B., as to their minor children, T.C. (born July 2017), and B.C. (born September 2019). Following fitness and best interests hearings, the trial court granted the State's motion and terminated respondents' parental rights. Respondents appeal, arguing they received ineffective assistance of counsel. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     On June 11, 2021, the State filed petitions for adjudication of wardship as to T.C. and B.C. The State alleged the minors were neglected under section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)) in that their environment was injurious to their welfare because (1) they were present during a domestic violence incident between respondents and (2) respondents had previously been involved with Illinois Department of Children and Family Services (DCFS) intact services and failed and/or refused to comply with recommended services, which placed the minors at risk of harm.

¶ 5     On July 23, 2021, the trial court held a hearing and noted the minors had been placed outside of the home as part of a safety plan agreed upon by the parties. The minors were placed in the care of respondent father's sister and her husband (relative caregivers), where they remained throughout the proceedings. The court appointed counsel for each respondent.

¶ 6     On September 8, 2021, respondents stipulated to the allegations in the petition and the trial court entered an adjudicatory order finding the minors neglected.

¶ 7     On December 8, 2021, the trial court held a dispositional hearing. DCFS filed a report with recommendations to address communication, untreated mental health concerns, and

untreated substance abuse. At the time of the hearing, respondents were residing together despite a no contact order, and the minors were happy, healthy, and liked living with their relative caregivers. The court found the minors were neglected and it was in their best interests to make them wards of the court. The court ordered the minors to stay in their current placement, with a goal to return home in 12 months. Thereafter, the court held permanency review hearings, and following the final permanency review hearing, it changed the goal to substitute care pending termination of parental rights.

¶ 8        On June 8, 2023, the State filed a motion to terminate respondents' parental rights. The State alleged respondents were unfit based on various subsections of the Adoption Act (750 ILCS 50/1(D)(a), (b), (m)(i)-(ii) (West 2022)). DCFS recommended the trial court terminate respondents' parental rights and change the permanency goal to adoption. Following a fitness hearing, the court found the State met its burden and proved all of the allegations in its motion. Accordingly, the court found respondents were unfit. The matter proceeded to a best interests hearing, where the court also found the State met its burden of proving the best interests of the minors favored terminating respondents' parental rights. The court terminated respondents' parental rights and changed the permanency goal to adoption.

¶ 9        Respondent father and respondent mother both filed a notice of appeal as to each minor. Respondents filed a motion to consolidate respondent father's cases with each other (appellate court case Nos. 4-23-1165 and 4-23-1225) and respondent mother's cases with each other (appellate court case Nos. 4-23-1226 and 4-23-1227). We allowed the consolidation. This court, on its own motion, consolidated all four appeals for a decision as the issues raised are identical.

¶ 10                                II. ANALYSIS

¶ 11    We must first address the delay in the issuance of this order. As a matter involving the custody of minors, this case is subject to expedited disposition under Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), which requires the appellate court to issue its decision within 150 days after the filing of a notice of appeal, except for good cause shown. Here, the notices of appeal were filed on October 27, 2023 (appellate court case Nos. 4-23-1225 and 4-23-1165), and November 6, 2023 (appellate court case Nos. 4-23-1226 and 4-23-1227), making our decisions due by March 25, 2024, and April 4, 2024, respectively. Although every effort was made to comply with the deadline under Rule 311(a)(5), due to several requests for an extension of time filed by counsel, we find good cause exists for filing this decision beyond the deadline.

¶ 12    As an initial matter, we note respondents are represented by counsel on appeal, and under the "Nature of the Action" section of their briefs, counsel asserts she has examined the case and determined there were no viable grounds for an appeal. Other than this isolated statement, there is no indication counsel intended to request to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We presume this statement was made in error, as the remainder of the briefs present arguments for reversal and counsel filed the briefs instead of motions to withdraw. We note the State failed to raise the issue in its brief. Therefore, we will address the merits of the arguments raised. However, we admonish counsel of the importance of avoiding such errors in the future, as it may produce unintended consequences, such as this court striking the brief.

¶ 13    On appeal, respondents argue their counsel provided ineffective assistance when they failed to (1) argue for guardianship as a permanency goal and (2) file a motion to dismiss the State's motion to terminate parental rights because the minors were safe and in the care of a relative. The State argues counsel did not provide ineffective assistance because guardianship was not an option and the State acted within its authority to bring its motion to terminate parental rights.

- 4 -

¶ 14 Parents are entitled to effective assistance of counsel in a termination of parental rights proceeding. *In re M.F.*, 326 Ill. App. 3d 1110, 1119 (2002). We apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), when considering claims of ineffective assistance of counsel in proceedings under the Juvenile Court Act. *In re Br. M.*, 2021 IL 125969, ¶ 43. To prevail on such claim, a parent must show counsel's performance was (1) deficient in that it fell below an objective standard of reasonableness and (2) prejudicial, where there is a reasonable probability the result of the proceeding would have been different but for counsel's professional errors. *In re I.W.*, 2018 IL App (4th) 170656, ¶ 46. Failure to establish either proposition will be fatal to the claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

¶ 15 First, we address counsel's performance as it relates to permanency goals. This court's prior decision in *In re Dar. H.*, 2023 IL App (4th) 230509, ¶¶ 45-49, properly explained permanency hearings are not relevant at the proceedings on the State's petition to terminate. Here, we only discuss the permanency hearings within the context of counsel's alleged failure to argue for guardianship as a permanency goal throughout this case. Respondents argue their counsel's performance fell below an objective standard of reasonableness when counsel failed to argue for guardianship. We find the clear and unambiguous language of the Juvenile Court Act belies this argument. The statute's language is the best indication of the legislature's intent, and we give such language its plain and ordinary meaning. *In re E.B.*, 231 Ill. 2d 459, 466 (2008). Section 2-28(2) provides, in part, as follows:

"At the permanency hearing, the court shall determine the future status of the child. The court shall set one of the following permanency goals:

(A) The minor will be returned home by a specific date within 5 months.

- 5 -

(B) The minor will be in short-term care with a continued goal to return home within a period not to exceed one year, where the progress of the parent or parents is substantial giving particular consideration to the age and individual needs of the minor.

\*\*\*

(C) The minor will be in substitute care pending court determination on termination of parental rights.

(D) Adoption, provided that parental rights have been terminated or relinquished.

(E) The guardianship of the minor will be transferred to an individual or couple on a permanent basis *provided that goals (A) through (D) have been deemed inappropriate and not in the child's best interests*. The court shall confirm that [DCFS] has discussed adoption, if appropriate, and guardianship with the caregiver prior to changing a goal to guardianship." (Emphasis added.) 705 ILCS 405/2-28(2) (West 2022).

¶ 16      Thus, the plain language of section 2-28(2)(E) clearly provides guardianship may be selected as a permanency goal when the goals listed in (A) through (D) are inappropriate and not in the child's best interests. *Id.* § 2-28(2)(E); see *In re S.J.*, 364 Ill. App. 3d 432, 443 (2006) (explaining the trial court must first rule out the other permanency goals before it can select guardianship as a goal), *overruled on other grounds by In re M.M.*, 2016 IL 119932, ¶ 28. "Adoption is given preference over guardianship when the natural parent cannot give proper care because adoption better insures the child's stability and permanency in a safe, comfortable environment." *In re Julieanna M.*, 2018 IL App (1st) 172972, ¶ 21. Guardianship does not

accomplish the same goals because it is not permanent and subjects children to uncertainty as to their custodial situation. *Id.* ¶ 23. However, this preference for adoption does not mean guardianship is precluded because if the trial court finds the child's best interests favor parental rights to remain intact, it may rule out adoption and set the goal to guardianship. *Id.* ¶ 24.

¶ 17 In the case *sub judice*, the trial court set a goal of return home in 12 months and later found it was in the minors' best interests to terminate parental rights and set the goal to adoption. Respondents do not argue the court's permanency goals were made in error—only that their counsel was ineffective for failing to raise guardianship as an alternative. However, since the court found the aforementioned goals to be appropriate and in the best interests of the minors, guardianship could not be considered, even if counsel had raised it. *In re M.W.*, 2019 IL App (1st) 191002, ¶ 64 (rejecting respondent's argument guardianship would have been a better goal than adoption because the Juvenile Court Act provides guardianship cannot be considered as a permanency goal unless adoption has been ruled out as an option). Therefore, we conclude counsel did not provide deficient performance by failing to argue for guardianship.

¶ 18 Second, we address counsel's performance as it relates to the motion to terminate parental rights. Specifically, respondents argue the State did not have an interest in terminating parental rights because the minors were safe in the care of a relative, and therefore, counsel should have filed a motion to dismiss the State's motion pursuant to section 2-13(4.5) of the Juvenile Court Act. 705 ILCS 405/2-13(4.5) (West 2022). The State argues this section does not impair the State's ability to bring termination petitions, and thus, if counsel would have brought a motion to dismiss under this section, counsel's efforts would have been futile. Section 2-13(4.5)(a) provides DCFS shall request the state's attorney file a motion for termination of parental rights under certain

circumstances unless good cause exists. *Id.* § 2-13(4.5)(a). Good cause exists when the child is being cared for by a relative. *Id.* § 2-13(4.5)(a-1)(i).

¶ 19 We agree with the State. "[S]ection 2-13(4.5)(a) does not limit the State's power to commence a termination proceeding; it rather mandates that DCFS request that the State commence that proceeding under certain circumstances." *In re Brandon A.*, 395 Ill. App. 3d 224, 234 (2009). Moreover, the State may commence proceedings on a motion to terminate parental rights at any time after the entry of a dispositional order. *Id.*; see 705 ILCS 405/2-13(4) (West 2022). Here, had counsel filed a motion to dismiss the State's motion to terminate parental rights on this basis, it would have been unsuccessful and without merit. Thus, we again find counsel's performance was not deficient. As we have decided respondents cannot satisfy the first requirement for their ineffective-assistance-of-counsel claim, our analysis ends here. See *Richardson*, 189 Ill. 2d at 411 (stating the failure to establish either *Strickland* proposition is fatal to an ineffective-assistance claim).

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, we affirm the trial court's judgment.

¶ 22 Affirmed.